IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-409 |
| | § | C.A. No. C-06-237 |
| THOMAS ROY SMITH, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Thomas Roy Smith's ("Smith") motion to vacate, set aside or

correct his sentence pursuant to 28 U.S.C. § 2255 with supporting memorandum, which was received

by the Clerk on June 7, 2006. (D.E. 66).[1]  The Court ordered the government to respond.  (D.E. 67).

The government filed a combined answer, and motion to dismiss, or, in the alternative, for summary

judgment on August 11, 2006. (D.E. 70).  To date, Smith has not filed a reply.

As discussed in detail herein, Smith lists three grounds for relief in his § 2255 motion.  All of

his claims are subject to dismissal because Smith waived his right to file them.  They also fail on their

merits.  For these reasons, the Court DENIES his § 2255 motion.  Additionally,  the Court DENIES

Smith a Certificate of Appealability ("COA").

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1]  Dockets entries refer to the criminal case, C-05-cr-409.

## II.  FACTS AND PROCEEDINGS

A.      **Summary of Offense[2]**

On January 13, 2003, an officer with the Texas Department of Public Safety received information from a confidential informant that Fabian Pacheco was looking for someone interested in smuggling 500 pounds of marijuana through private ranches in order to circumvent the U.S. Border Patrol Checkpoint near Falfurrias, Texas.  On January 15, 2003, the officer in an undercover capacity met with Pacheco and Steve Lopez in Falfurrias.  The three then continued the meeting at the Alta Vista Ranch gate and agreed that it would be a suitable route for avoiding the checkpoint.  Pacheco and Lopez told the UC that he would transport a vehicle loaded with marijuana to a location west of Falfurrias, and that he would be paid for his services once the marijuana was delivered to Houston, Texas.  They advised the UC that the load vehicle would be ready in one week and that the marijuana would be located in the toolbox and on the rear seats.

On January 21, 2003, the UC met Pacheco at a store and Pacheco told him the vehicle loaded with marijuana would arrive shortly.  Subsequently, a white Chevrolet truck arrived at the store and an unidentified male gave the UC the keys.  Pacheco followed the UC to the white truck and the UC immediately smelled the odor of marijuana emitting from the truck.  Pacheco told the UC that an Anglo person would meet the UC in Gonzalitos, Texas, and the UC left.  At approximately 2:21 p.m., the UC contacted surveillance agents who observed the bundles of marijuana.  The UC drove the load vehicle to a store in Gonzalitos where he/she met Thomas Roy Smith.  Smith took custody of the load vehicle.  At approximately 4:41 p.m., he was stopped by an officer with the Alice, Texas, Police Department.

---

[2] The offense conduct as set forth herein is derived from Paragraphs 4 through 11 of the Presentence Investigation Report ("PSR").  The PSR contains information about another marijuana seizure on December 16, 2002 and the connections between that seizure and the one discussed herein. Smith was apparently not involved in the December 16, 2002 seizure, and was not held accountable for any marijuana seized from that load. Accordingly, that load and the connections between the two are not discussed herein.

Smith consented to a search of the truck which revealed 52 bundles of marijuana weighing 435 kilograms.  Smith was immediately arrested, but was released from the Jim Wells County Jail in Alice, Texas, on January 23, 2003.

## B.       Criminal Proceedings

On July 13, 2005, Smith was charged with three other individuals in a three-count indictment, and he was named in two counts.  Smith was charged in Count One with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.  In Count Two, he was charged, along with Pacheco and Lopez, with aiding and abetting one another to knowingly and intentionally possess with intent to distribute approximately 445 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B).  (D.E. 1).

In exchange for Smith's guilty plea to Count Two and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive maximum credit for acceptance of responsibility, to recommend a sentence at the lowest end of the applicable guideline range and to move to dismiss Count One at the time of sentencing.  (D.E. 31 at ¶¶ 2, 11).  The plea agreement included a voluntary waiver of Smith's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal his conviction, the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b).  Additionally, the defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The       defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 31 at ¶ 7) (emphasis in original).  The agreement was signed by both Smith and his counsel,

Reynaldo Alejandro Pena.

At Smith's rearraignment, the Court specifically questioned Smith under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing right to file a § 2255 motion. The Court admonished:

> **THE COURT:** You have another, I'm going to ask Mr. Duke in a moment to summarize what your plea agreements are. But there's one other right that you're giving up in your plea agreement that I want to make sure you understand. It's independent of your right to appeal. It's the right to file a post-conviction remedy, called a writ of habeas corpus or a right, or statutory 2255 in this case, wherein you could have attempted to set aside your conviction and/or your sentence by challenging such matters as constitutionality, jurisdiction or ineffective assistance of counsel, to name a few. But if you go forward with this plea agreement, you give up that right for this case forever. Do you understand that . . . Mr. Smith?
>
> **DEFENDANT SMITH**: Yes, ma'am.

(D.E. 68, Rearraignment Transcript ("R. Tr.") at 19-20).

The AUSA then summarized Smith's plea agreement, and included a statement that the agreement "contains a waiver of the Defendant's rights to collaterally attack his or her conviction, pursuant to Title 28, United States Code, Section 2255." (R. Tr. at 21). Immediately following that summary, Smith testified that the plea agreement was his, that it was the entire agreement, and that he understood it. (R. Tr. at 22). Smith was shown a written copy of the plea agreement. Smith testified that the agreement was his, that he had signed the last page, and that he read it completely and had discussed it completely with his attorney before signing it. (R. Tr. at 23-24). It is clear from the foregoing that Smith's waiver of § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report

("PSR"). (D.E. 33).  The PSR calculated Smith's base offense level for Count Two at 28, based on the 435 kilograms of marijuana. (PSR at ¶ 16).  The PSR recommended that Smith be given a three-level credit for acceptance of responsibility, thereby resulting in a total offense level of 25.  (PSR at ¶¶ 16-25).  When coupled with his criminal history category of III, his resulting guideline sentence for Count Two was a term of imprisonment of 70 to 87 months.  (PSR at ¶¶ 55).  Neither the government nor Smith filed any objections to the PSR.  (D.E. 44; PSR at Addendum, page 1).

Sentencing was held on November 9, 2005.  (D.E. 52; see generally D.E. 69, Sentencing Transcript ("S. Tr.")).  The government recommended the lowest end of the guidelines on Count Two, consistent with its obligations in the plea agreement, and Smith's counsel asked for a sentence below the guideline range of 60 months.  (S. Tr. at 8, 11-14).  The Court sentenced Smith to 70 months on Count Two, and dismissed Count One upon motion by the government.  (S. Tr. at 16, 19).  The Court also imposed a four-year term of supervised release, a $100 fine and a $100 special assessment.  (S. Tr. at 16; D.E. 52, 58). Judgment of conviction and sentence was entered November 16, 2005.  (D.E. 58).

Consistent with his waiver of appellate rights, Smith did not appeal.  Smith's § 2255 motion was received by the Clerk on June 7, 2006.  (D.E. 66).  It is timely.

### III.  MOVANT'S ALLEGATIONS

Smith asserts three claims, the first two of which are essentially one claim.  Specifically, the first two claims point to alleged deficiencies in his indictment.  He claims that his indictment is deficient because it does not contains the proper *mens rea* for a conviction under 21 U.S.C. § 841(a)(1). He claims that this failure renders his indictment constitutionally defective and that the charges against him must be dismissed.  Smith repeatedly states that the indictment was defective because the words "aids, abets, counsels, commands, induces and procures" were omitted from his

indictment, and these are the words set forth in 18 U.S.C. § 2, the statute pursuant to which he was convicted and sentenced.  (D.E. 66, Supp. Mem., at numbered pages 1-5).

As part of his first two claims, he also appears to be arguing that his counsel was constitutionally ineffective for failing to challenge the sufficiency of the indictment.  (D.E. 66, Supp. Mem., at numbered pages 3-4).

Smith's third claim is a general claim of ineffective assistance of counsel and he provides no real detail in support of this claim.  In his motion, he merely states that his ground for relief is "ineffective assistance of counsel before plea and sentencing." (D.E. 66 at 5).  In his attached memorandum, the only elaboration provided by Smith is a conclusory claim that "counsel failed to challenge any of the evidence or make any pre-trial motions that would have proved Petitioner was not involved in any drug violation or any other crimes," as well as his claim that his attorney should have challenged the sufficiency of the indictment.  (D.E. 66, Supp. Mem. at two-page discussion titled "Issue III").

The government has moved for dismissal or, in the alternative, for summary judgment against Smith's motion in its entirety on the grounds that it is barred by his waiver of § 2255 rights.  In the alternative, the government contends that his motion is subject to dismissal or summary judgment because the record in the case conclusively shows that no relief is appropriate as to his underlying allegations.  For the reasons set forth herein, Smith's claims fail.

## IV.  DISCUSSION

### A.     28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory

maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

**B.      Waiver of § 2255 Rights**

The Court need not address whether Smith has procedurally defaulted his claims by failing to appeal.  Rather, the Court concludes that Smith's motion fails in its entirety because he waived his right to file the claims in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).  Nowhere in his motion does Smith challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").  Thus, his claims fall within the scope of the waiver, and are subject to it.

Moreover, the record is plain that his waiver was knowing and voluntary, and therefore enforceable.    As noted supra at 4-5, it is clear from the rearraignment that Smith understood that he was waiving his right to file any § 2255 motions, all that is required for a knowing waiver.  See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).  Smith's statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same

proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

Smith's statements at the rearraignment also clearly showed that, in addition to understanding the waiver, his plea itself was knowing and voluntary. At his rearraignment, Smith testified that he had had enough time to talk with his attorney, that he had told his attorney everything he knew about the charges against him, that his attorney had answered all of his questions, that his attorney came to see him either in jail or in his office and took his phone calls, and that he was satisfied with the advice and efforts of his attorney. (R. Tr. at 12-13). The Court informed Smith of the various trial rights available to him, and he testified that he understood.  (R. Tr. at 16-19).

Consistent with Rule 11, Fed. R. Crim. P., the Court explained to Smith the maximum punishment that he might receive.  Specifically, the Court informed him that he faced a maximum punishment on Count One of forty years in prison and a maximum fine of $ 2 million.  The Court also informed him that there was a mandatory minimum sentence of five years.  The Court further stated that he would have at least a four-year supervised release term that could last the rest of his life, and that the sentence would include a $100 special assessment.  (R. Tr. at 25-26).  Smith testified that he understood.  (R. Tr. at 26).

Smith testified that no one had forced him to plead guilty, and that his decision to plead guilty was entirely voluntary.  (R. Tr. at 31).  He testified that there were no other agreements or promises made to him that were not in the written plea agreement, and that no one had promised him leniency or that he would get a motion for downward departure or safety valve relief.  (R. Tr. at 22).  The transcript also establishes that Smith understood that only the Court could determine the sentence that he would ultimately receive and that any one else's estimate, including his attorney's, would not be binding on the Court.  (R. Tr. at 30-31).

8

Nothing in Smith's § 2255 motion rebuts the "strong presumption of truthfulness" afforded his sworn statements at the plea colloquy. See Lampaziane, 251 F.3d at 524 (citing Blackledge, 431 U.S. at 74). Put simply, Smith's sworn statements preclude the relief he seeks here. He knew of the potential punishment he faced, he knew that any estimates by his attorney were not binding on the Court, and his plea was knowing. Moreover, he testified that his decision to plead guilty was voluntary and that no one had forced or induced him to plead guilty. His plea, including his waiver of his right to file a § 2255 motion, is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.

## C.    Merits of Claims

Moreover, even if Smith's motion were properly before the Court, his claims fail on their merits. His first two grounds, both challenging the sufficiency of the indictment, are simply belied by the record.[3] He claims that his indictment was insufficient because it does not allege a proper mens rea requirement nor track the language of the statute setting forth the charged offense. In fact, however, the indictment sufficiently alleges both. Count Two states that:

> On or about January 21, 2003, in the Southern District of Texas
> and elsewhere within the jurisdiction of the Court, the defendants,
>
> Steve A. Lopez,
> Fabian Pacheco,
> and Thomas Roy Smith
>
> *each aiding, abetting, and assisting one another did knowingly and intentionally possess with intent to distribute* a controlled substance. This violation involved more than one hundred (100) kilograms of marihuana, that is, approximately four hundred forty-five (445) kilograms of marihuana, a Schedule I controlled substance.

---

[3] As correctly noted by the United States, see D.E. 70 at 13-14, it appears that Smith's arguments on this issue were cobbled together from a brief or briefs from another case. For example, he refers to deficiencies in Counts 1 and 9, whereas he pleaded guilty to Count 2 and there was no Count 9 in his indictment.

> In violation of Title 21, United States Code, Sections 841(as)(1) and 841(b)(1)(B).

(D.E. 1) (emphasis added).  As the emphasized language above shows, the indictment alleged both a mens rea and alleged aiding, abetting and assisting, consistent with 18 U.S.C. § 2.  His claims regarding the indictment are therefore belied by the record and fail.

His claim that he received ineffective assistance of counsel is similarly infirm.  As an initial matter, to the extent he is claiming his counsel was deficient for failing to challenge the indictment, his claim fails.  As noted above, any challenge to the indictment would have been futile.  Accordingly, Smith's attorney was not deficient for failing to raise such a challenge, nor did Smith suffer any prejudice as a result of such a failure.  See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

Additionally, Smith's other allegations of ineffective assistance are stated in only vague and general terms.  He merely alleges that "counsel failed to challenge any of the evidence or make any pre-trial motions that would have proved Petitioner was not involved in any drug violation or any other crimes." (D.E. 66, Supp. Mem. at unnumbered page titled "Issue III").  He has not provided any information or argument showing what pre-trial motions should have been filed.  Nor does Smith explain what evidence would have proved his innocence, an explanation sorely needed in light of his being caught in possession of the marijuana and the fact that he admitted his guilt.  In short, Smith's claim of ineffective assistance is so general and so lacking in detail that it fails for that reason alone. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).

For all of the foregoing reasons, Smith's § 2255 motion is DENIED.

10

**D.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Smith has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Smith is not entitled to a COA as to his claims.  That is, jurists of reason would not find it debatable that his valid and knowing waiver precludes consideration of the claims he now raises in his § 2255 motion.  Similarly, reasonable jurists would not disagree that his claims fail on their merits, as well.

## V.  CONCLUSION

For the above-stated reasons, Smith's motion under 28 U.S.C. § 2255 (D.E. 66) is DISMISSED WITH PREJUDICE.  The Court also DENIES Smith a Certificate of Appealability.

ORDERED this 17th day of November, 2006.

Janis Graham Jack
United States District Judge

12